FILED

2007 OCT -2  AM 10: 45

CLERK US DIS
SOUTHERN DISTRICT OF CALIFORNIA

BY_____*lp*_____DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN GREENE, | CASE NO. 07-CV-1888 W (BLM) |
| Plaintiff, | ORDER (1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS; |
| v. | |
| MARIO RODRIGUEZ, et al, | (2) DISMISSING CASE WITH LEAVE TO REINSTATE |
| Defendants. | |

On September 26, 2007, Plaintiff Calvin Greene filed a complaint against several security guards and their employer, U.S. Protect, Inc., alleging violations of his civil rights.  Instead of paying the filing fee, he submitted a motion to proceed in forma pauperis (IFP).  Having reviewed his declaration, the court will **DENY** the motion because Greene has not shown that he cannot pay the filing fee without unacceptable sacrifice.

The determination of indigency falls within the district court's discretion. Cal. Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), rev'd on other grounds,

1   506 U.S. 194 (1993) ("[28 U.S.C. §] 1915 typically requires the reviewing court to

2   exercise its sound discretion in determining whether the affiant has satisfied the

3   statute's requirement of indigency."). A party need not be completely destitute to

4   proceed IFP. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339–40 (1948).

5   Rather, to satisfy the requirements of 28 U.S.C. § 1915(a), an affidavit need only state

6   that one cannot "because of his poverty pay or give security for costs . . . and still be

7   able to provide himself and dependents with the necessities of life." Id. at 339. At the

8   same time, however, the court must "assure that federal funds are not squandered to

9   underwrite, at public expense, . . . the remonstrances of a suitor who is financially able,

10  in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F. Supp.

11  848, 850 (D.R.I. 1984).

12      District courts, therefore, may reject IFP applications if the applicant can pay the

13  filing fee with acceptable sacrifice to other expenses. See, e.g., Stehouwer v.

14  Hennessey, 851 F. Supp. 316, 317 (N.D. Cal. 1994) (requiring partial fee payment from

15  prisoner with $14.61 monthly salary and $110 per month from family); Ali v. Cuyler,

16  547 F. Supp. 129, 130 (E.D. Pa. 1982) (denying IFP application because plaintiff

17  possessed savings of $450, "more than sufficient to allow the plaintiff to pay the filing

18  fee in this action"). Moreover, the applicant must state the facts illustrating indigency

19  "with some particularity, definiteness, and certainty." See United States v. McQuade,

20  647 F.2d 938, 940 (9th Cir. 1981) (per curiam).

21      Greene has not shown such dire circumstances. His declaration discloses a

22  monthly income of approximately $1,100, but he has no significant monthly expenses

23  for housing, dependants, or medical care. He likely pays little income tax. He owns no

24  vehicles and has no significant debts. Thus, the court cannot conclude that paying a

25  filing fee would require Finkelstein to make do without the necessaries of life. See

26  Adkins, 335 U.S. at 339.

27  //

28  //

1   Because the form declaration does not disclose some other miscellaneous
2   circumstances or expenses that might suggest a genuine inability to pay the filing fee,
3   the court must conclude that Greene can proceed on his own.  Accordingly, the court
4   will **DENY** the motion to proceed IFP and **DISMISS** the complaint for failure to pay
5   the filing fee with leave to reinstate the complaint by paying the fee on or before
6   <u>October 31, 2007</u>.

7

8   **IT IS SO ORDERED.**

9   Dated: September 28, 2007

10  Hon. THOMAS J. WHELAN
11  United States District Court
    Southern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07cv1888