

FILED

08 MAR 24 PM 3:51

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____  DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN GREENE,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>MARIO RODRIGUEZ, et. al.,<br><br>　　　　　　　　　Defendants. | CASE NO. 07-CV-1888 W (BLM)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** (Doc. Nos. 9, 10.) |

On September 26, 2007, Plaintiff Calvin Greene ("Plaintiff") filed a complaint alleging several claims against Defendants Mario Rodriguez, et. al.  (Doc. No. 1.) Instead of paying the filing fee, he submitted a motion to proceed in forma pauperis (IFP).  (Doc. No. 2.)  The court denied his motion to proceed IFP with leave to reinstate the complaint within 30 days. (Doc. No. 3.) Greene now moves the court to reconsider its denial, submitting a more detailed IFP petition.  (Doc. Nos. 9, 10.) Having reviewed his supplemental declaration, the court will **DENY** the motion because Greene has not shown any grounds justifying his motion.

To prevail on a motion for reconsideration, the movant must show (1) newly discovered evidence, (2) clear error or manifest injustice, or (3) an intervening change in controlling law.  Sch. Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citing All Haw. Tours, Corp. v. Polynesian Cultural Cent., 116 F.R.D. 645, 648 (D. Haw. 1987), rev'd on other grounds, 855 F.2d 860 (9th Cir. 1988)).  Greene argues that the court lacked a full picture of his financial situation, possibly falling under one

1  of the first two grounds for relief.  Because the determination of indigency falls within

2  the district court's discretion, see California Men's Colony v. Rowland, 939 F.2d 854,

3  858 (9th Cir. 1991), rev'd on other grounds, 506 U.S. 194 (1993), Greene must show

4  that some crucial new piece of evidence or mistake of fact would have materially

5  affected the court's exercise of discretion.  Nothing in his supplemental filing rises to

6  that level.

7      As the court explained in its original order, it must "assure that federal funds are

8  not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who

9  is financially able, in whole or in material part, to pull his own oar."  Temple v.

10  Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984).  Thus, the court may deny IFP status

11  to an applicant who can pay the filing fee with acceptable sacrifice to other expenses.

12  See, e.g., Stehouwer v. Hennessey, 851 F. Supp. 316, 317 (N.D. Cal. 1994) (requiring

13  partial fee payment from prisoner with $14.61 monthly salary and $110 per month from

14  family); Ali v. Cuyler, 547 F. Supp. 129, 130 (E.D. Pa. 1982) (denying IFP application

15  because plaintiff possessed savings of $450, "more than sufficient to allow the plaintiff

16  to pay the filing fee in this action").  In both cases, the filing fee put a dent in the

17  applicant's financial situation, but did not force him to do without the necessaries of

18  life.  See Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339–40 (1948).

19      Here, too, Greene has presented no evidence that the $1106 he receives in Social

20  Security every month is completely consumed by the necessaries of life.  To the

21  contrary, he discloses monthly bills totaling less than $250.  Although Greene

22  complains about rent, credit cards, and high student loan balances, he does not provide

23  any information on minimum payments or specific monthly expenditures.  He does not

24  controvert any of the court's assumptions regarding housing, vehicles, dependant-care,

25  or medical expenses.  Again, while Greene is by no means wealthy, nothing in his

26  motion would materially affect the court's earlier exercise of discretion denying his

27  motion to proceed IFP.  Therefore, the court will **DENY** the motion for

28  reconsideration.  As per the court's earlier order, Greene may reinstate the complaint

1   by paying the fee on or before **April 21, 2008.**

2

3        **IT IS SO ORDERED.**

4

5   Dated: **March 21, 2008**

6                                              Hon. THOMAS J. WHELAN
7                                              United States District Court
                                               Southern District of California
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07cv1888W